IN THE UNITED STATES DISTRICT COURT
OF NORTH DAKOTA
BISMARCK DIVISION

| | |
|---|---|
| RONALD WALTON, § <br> § <br> § <br> Plaintiff, § <br> § CIVIL ACTION NO: <br> vs. § <br> § <br> LIQUID IN MOTION, LLC and § <br> ROBERT ANDERSON § <br> § <br> Defendants. § | |

## COMPLAINT
*[Jury Trial Demanded]*

Plaintiff Ronald Walton for his Complaint against Liquid in Motion, LLC states and alleges as follows:

### SUMMARY

1. Liquid in Motion, LLC (hereinafter "Liquid") and Robert Anderson (hereinafter "Anderson") (collectively "Defendants") required and/or permitted Ronald Walton (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the District of North Dakota because Defendants engage in business here.

## THE PARTIES

6. Plaintiff Ronald Walton is a resident of Belfield, North Dakota.

7. Defendant Liquid in Motion, LLC is a foreign corporation with its principle place of business in Sioux Falls, South Dakota. Service of process may be had on Defendant through the Secretary of State of North Dakota: 600 E. Boulevard Avenue, Bismarck, North Dakota 58505.

8. Defendant Robert Anderson is an individual. Service of process may be had on Defendant at 601 West 3rd Street, Winner, South Dakota 57580, or wherever he may be found.

## COVERAGE

9. Defendant LIQUID IN MOTION, LLC is an enterprise that engages in commerce by providing water transfer services to its customers in the oil and gas industry in North Dakota.

10. Defendant, ROBERT ANDERSON, at all times material hereto, was the managing agent of Defendant, LIQUID IN MOTION, LLC; said Defendant acted and acts directly in the interests of the Defendant, LIQUID IN MOTION, LLC, in relation to said co-Defendant's employees. Defendant effectively dominated LIQUID IN MOTION, LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis

its employees and had the authority to direct and control the work of others. Thus, ROBERT ANDERSON was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Defendants acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

12. Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

13. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

14. Defendants provide water transfer services to its customers in the oil and gas industry in North Dakota.

15. Defendants employed Plaintiff as a tanker driver.

16. Plaintiff did not receive any overtime compensation for hours exceeding forty in a workweek.

17. Plaintiff worked anywhere from 50 to 90 hours per week for Defendants.

18. Defendants initially paid Plaintiff an hourly wage of $30; Plaintiff then received a five-dollar wage increase.

19. Plaintiff worked for Defendants from January of 2013 through October 7, 2015.

20. Upon information and belief, as of the date of the filing of this Complaint, Defendants owe Plaintiff approximately $61,725.00 in back wages alone. Plaintiff reserves the right to amend this calculation upon the completion of discovery.

21. Throughout his employment there were several instances where Defendants failed to pay Plaintiff his wages on time.

## CAUSES OF ACTION
### *COUNT I*
### *VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")*

22. Plaintiff incorporates all allegations contained in the preceding paragraphs.

23. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

24. Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

25. Accordingly, Plaintiff is entitled to compensation for overtime hours worked.

26. Additionally, Plaintiff is entitled to an amount equal to his unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

27. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

28. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

29. Plaintiff is entitled to have the limitations period extended to three years because Defendants' actions were willful.  29 U.S.C. § 216(b).

30. WHEREFORE, Plaintiff demands judgment against Defendants plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (PROMPT PAYMENT)

31. Plaintiff incorporates all allegations contained in the preceding paragraphs.

32. The FLSA requires that Defendants pay Plaintiff a minimum wage per hour 29 U.S.C. § 206(b).  The FLSA requires that Defendants have a regular pay period and make reasonably prompt payments for the work performed in a pay period.  The failure to promptly pay wages to Plaintiff constitutes a minimum wage violation under the FLSA.

33. Defendants employed Ronald Walton from approximately January of 2013 through October 7, 2015.  Ronald Walton was not paid on payday for approximately twelve of his paychecks in violation of minimum wage laws under the FLSA.

WHEREFORE Plaintiff requests judgment in his favor against Defendants to include liquidated damages and/or interest and reasonable attorney's fees and costs.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued for a three year period;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. pre-judgment and post judgment interest at the highest rates allowed by law; and

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
George Z. Goldberg
3523 45th Street, Suite 100
Fargo, North Dakota 58104
Main Phone:   (800) 719-1617
Facsimile:     (888) 272-8822
jloren@lorenlaw.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*